COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-05-415-CV

 

 

MARY SEALS                                                                     APPELLANT

 

                                                   V.

 

JIMMIE MARTIN                                                                     APPELLEE

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction

Mary Seals, appearing pro se,
asserts error on the part of the trial court 
as follows: AI was not
allow all of my evidences in the trial court there forth the particular ruling
of the trial court that is urged as reversible error.@  We affirm.

 








II. Background

Seals was an apartment tenant
who leased an apartment at $950 per month from Jimmie Martin through the
Arlington Housing Authority (AAHA@).  On January 2, 2003, Martin notified the AHA
and Seals that the premises occupied by Seals was going to be sold and that the
premises had to be vacated by February 1, 2003. 
On January 3, 2003, Seals received the notice and on February 9 signed
an AHA form recognizing that she had to move, and she was told to do so by
February 5.

According to Martin, (1)
Seals did not vacate the premises until February 10, and hence owed $339.29 for
the partial month; (2) Martin received $129 toward the February rent, resulting
in a shortfall of $210.29; (3) the original deposit was $500, of which a total
of $412 was returned on February 6 and 21; and (4) the remaining $88 of the
deposit was applied toward the rent due, leaving Seals owing Martin $122.29.

According to Seals, she met
Martin at the premises on February 5 to sign a move-out form.  Martin witnessed that Seals had moved out and
told her that she did not owe any money and that they would meet the next day
so that Seals could have the deposit back. 
Martin returned only part of Seals=s deposit.








Seals sued Martin for
wrongfully withholding part of her security deposit.  Following a trial on Seals=s claims, the trial court entered judgment for Martin that Seals take
nothing, resulting in this appeal.

III. Denial of a Portion of
Seals=s Evidence

Seals does not favor this
court with a description of the evidence that 
was allegedly improperly excluded by the trial court, nor the
documentary evidence itself, but does under a section of her brief entitled ASTATEMENT OF THE CASE@ mention that A (Appellate
Exhibits 17 Photographs) Prove=s on the back of the Photographs that the date the move was completed.@  However, an examination of the
record shows that Exhibit 17, a Agrouping of the photos,@ was admitted.  We are unable to
discern from her brief any other evidence offered but excluded by the trial
court.  Accordingly, her issue is
overruled.

IV. Conclusion 

Having overruled the single
issue on appeal, we affirm the trial court=s judgment. 

 

BOB MCCOY

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and MCCOY, JJ.

 

DELIVERED:
November 9, 2006

 











[1]See Tex. R. App. P. 47.4.